UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

V.                                              Case No. 3:24-cr-00116-MPS

CHRISTOPHER ADAMS

## MOTION TO WITHDRAW COUNSEL AND
## TO APPOINT NEW COUNSEL

Now, comes the defendant, Christopher Adams, pro se, respectfully requesting this Honorable Court, order counsel to withdraw, and for the appointment of new counsel. Adams asserts that there is a complete breakdown in the attorney client relationship, including the inability to communicate with counsel, and a breakdown of trust in the relationship, and as such he cannot assist in his own defense. **In assessing good cause, loss of trust is a factor to be considered, but "a defendant seeking substitution of assigned counsel must nevertheless afford the court with legitimate reasons for the lack of confidence." McKee, 649 F.2d at 932.**

1

Withdrawal of counsel and appointment of new counsel is appropriate "if the attorney-client relationship has broken down to the point where there is a total lack of communication preventing an adequate defense.". A breakdown in communication that prevents effective representation can result in a constructive denial of counsel. See *United States v. Delmonte*, 444 F. App'x 695, 697 (4th Cir. 2011) (citing *Daniels v. Woodford*, 428 F.3d 1181 (9th Cir. 2005)). See *United States v. Allen*, 789 F.2d 90, 92 (1st Cir. 1986)). In assessing good cause, loss of trust is a factor to be considered, but "a defendant seeking substitution of assigned counsel must nevertheless afford the court with legitimate reasons for the lack of confidence." McKee, 649 F.2d at 932.

Counsel has failed to comply with all of the Rules of professional conduct including but not limited to;

**Rule 1.3. Diligence which states:** A lawyer shall act with reasonable diligence and promptness in representing a client. The lawyer should represent a client zealously within the bounds of the law.

**Rule 1.4. Communication Which States;**

**(a) A lawyer shall:**

**(1)** promptly inform the client of any decision or circumstance with respect to which the clients informed consent, as defined in Rule 1.0(e), is required by these Rules;

**(2)** reasonably consult with the client about the means by which the clients objectives are to be accomplished;

**(3)** keep the client reasonably informed about the status of the matter;

**(4)** promptly comply with reasonable requests for information; and

**(5)** consult with the client about any relevant limitation on the lawyers conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

**(b)** A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

**Counsel has violated sections 1 thru 5 as well as section (b) during his representation of Adams.**

**Rule 3.2. States:**

Expediting Litigation which states: A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.  It is apparent that Counsels case load will not allow him comply with this rule.

**Rule 8.4. Misconduct provides in relevant part;**

It is professional misconduct for a lawyer to:

(a) Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(c) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;

      Council's actions and failures to act also violate Rule 8.4 (a) and (c), Counsel has a duty to conduct himself in accordance with the Rules of Professional Conduct, and to adhere to all of those Rules not just some of them. Counsel has not followed through in a timely manner, he has also not been truthful, as he stated last week he would be up to see Adams, but failed to show up, and also failed to inform Adams, or a family member that he would not make the visit. Counsel cannot make commitments to a client, and then not follow through with them, and to NOT contact the client only makes Counsels actions even worse. An

Attorney cannot be dishonest, and cannot violate the Rules of Professional conduct, Counsel has done both.

The actions and or inactions of counsel has eroded the Attorney client relationship, there is a breakdown in communication, as such Adams asks this Honorable Court to withdraw counsel and appoint new counsel to the matter.

Respectfully,

Christopher Adams

*Christopher Adams* (signature)

September 3, 2024